IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05329-PAB

JOSE ANTONIO OROCAJA LAZO,

Petitioner,

v.

NATHAN RASPER,[1] Acting Field Office Director, Immigration and Customs Enforcement,
DAVID J. VENTURELLA,[2] Acting Director, Immigration and Customs Enforcement
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jose Antonio Orocaja Lazo's *pro se*[3] Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND

Petitioner is a native and citizen of Peru. Docket No. 1 at 2. He last entered the United States in 2010 and has been living in the country for 16 years. *Id.* Petitioner was detained at a traffic stop in Florida on June 6, 2026, and was transferred to various

[1] Nathan Rasper hereby automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

[2] David J. Venturella hereby automatically substituted as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

[3] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

immigration detention centers. *Id.* at 2-3. He alleges that he was served with a Notice to Appear ("NTA"), dated June 8, 2026, and a Form I-200 Warrant for his arrest, dated June 6, 2026. *Id.* at 3. He had a custody hearing on July 31, 2026 and was denied bond. *Id.* At the hearing, the "Government was not required and did not provide any evidence to justify [his] continued detention." *Id.* He is currently detained at the ICE Aurora Contract Detention Facility in Aurora, Colorado. *Id.*

On October 19, 2026, petitioner filed an application for habeas corpus, raising three claims: (1) "Petitioner's warrantless arrest and continued detention violate the Fourth Amendment and 8 U.S.C. § 1357(a)(2)"; (2) "Constitutionally Inadequate 1226(a) Bond Hearing . . . Violated [his] Due Process" rights; (3) "Violation of Substantive Due Process." *Id.* at 3-9. For relief, he requests the Court order his immediate release from all forms of custody, or in the alternative order a new bond hearing where the Respondents bear the burden of proof. *Id.* at 10.

On November 2, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 7 at 1-2. They acknowledged "that the Court may then decide to grant the Petition and award appropriate relief," and note that the appropriate relief would be an Order directing them to "release Petitioner from detention." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n

a warrant issued' by the Attorney General leading to the alien's arrest."). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings after a warrant and NTA have issued), *appeal docketed sub nom. Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Courts in this district have "rejected the notion that an I-200 warrant issued either *after* or *concurrent* with an arrest made without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." *Ramirez Ovando*, 810 F. Supp. 3d at 1226; *Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *3 (D. Colo. July 20, 2026). The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

According to the allegations in petitioner's amended habeas application, the government did not comply with these requirements when it arrested and detained him. Petitioner alleges that the Form I-200 warrant was dated June 6, 2026, and the NTA was dated June 8, 2026. Thus, petitioner argues that "he was arrested with an illegal warrant, because [it] was issued before the NTA['s] issuance." Respondents do not contest that petitioner was arrested without a valid warrant. *See generally* Docket No. 7. Therefore, given petitioner's unrefuted claim that the NTA was not issued until after his arrest, the Court finds that the Form I-200 warrant was invalid. Therefore, petitioner was not arrested pursuant to a valid warrant, in contravention of § 1226(a).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 7. Therefore, they have waived any arguments in opposition. *Quezada-*

*Estrada*, 2026 WL 1361880, at *6 (citing Eateries, Inc. v. J.R. Simplot Co., 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents lacked statutory authority to arrest petitioner, and his detention is thus unlawful. The habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant.[4] Respondents acknowledge that the appropriate relief would be an Order directing them to release Petitioner. Accordingly, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting Ahmed M., 2026 WL 25627, at *3).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's *pro se* Application for a Writ of Habeas Corpus Pursicant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED.** It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

[4] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order, confirming that petitioner was released from custody.

DATED November 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge